IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, *as Receiver for AmTrust Bank,* | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No.  4:13 CV 1078 RWS |
| ST. LOUIS TITLE, LLC, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Federal Deposit Insurance Company (FDIC) alleges that Defendant St. Louis Title, LLC failed to disclose documents, failed to follow closing instructions, and improperly dispersed loan funds at the closing of a residential loan.  FDIC sued St. Louis Title for breach of contract and negligence.  St. Louis Title filed a motion to dismiss asserting that the statute of limitations had run and that the complaint failed to state a claim for relief.  Because I find that FDIC claim is timely and that it properly asserts grounds for relief I will deny St. Louis Title's motion to dismiss.

*Background*

According to FDIC's complaint, AmTrust Bank was a federally chartered savings bank, its principle office located in Cleveland, Ohio, with a portion of its core business in mortgage banking.  Community Lending Services, Inc., a Missouri corporation, was a mortgage broker which provided mortgage origination services to AmTrust based on a master loan purchase agreement.  Defendant St. Louis Title is a Missouri title company which provided the closing and escrow services for the transaction at issue in this lawsuit.

Community Lending originated a loan for Stacy Robnett to purchase real property located a 1635 Washington Avenue, Unit 912, St. Louis, MO and submitted the mortgage to AmTrust for funding.  AmTrust provided the funding and gave written detailed closing instructions to St. Louis Title which had to be followed for AmTrust's benefit.  AmTrust was listed as the lender on the HUD-1 settlement statement for the transaction, and St. Louis Title was required to forward the original closing package to AmTrust.  St. Louis Title had no authority to close the subject transaction or to disperse AmTrust's funds unless St. Louis Title fully complied with all of the closing instructions.  All of the loan and borrower funds had to be used to purchase the property and to settle the usual costs associated with such a transaction.

On December 14, 2017, AmTrust provided a loan for seventy-five percent ($599,000) of the $798,858 purchase price.  The balance of the purchase price was to be paid from Robnett's own funds.  If any third party funds were used at closing , St. Louis Title had to suspend the closing and immediately notify AmTrust.  These instructions were not followed.  Two hundred thousand dollars of the purchase price was allegedly paid (inexplicably) by the borrower to Expert Contracting, a fictitious name for the borrower's then husband, David Robnett.[1] AmTrust's closing instructions did not authorize any payment to Expert Contracting (or any other third party).

The borrower defaulted on the loan soon after closing.  On October 28, 2008, AmTrust received a hardship letter from the borrower and subsequently entered a loan modification with the borrower who made 32 total payments on the loan before ultimately defaulting.  Lender

---

[1] David Robnett was also an employee or agent of the mortgage originator Community Lending.

Placed Insurance was placed on the property on July 1, 2010.

On December 4, 2009, AmTrust was closed by the Office of Thrift Supervision and the FDIC was appointed as receiver. FDIC, as receiver, succeeded to all the claims of AmTrust under 12 U.S.C. § 1821(d)(A)(i). Upon borrower's default, FDIC reviewed the loan documents and discovered defects in the loan that occurred at closing. St. Louis Title's closing file contained documents that show that the purchase price of the property had been misrepresented to AmTrust. The file contained two additional versions of the purchase agreement. One lists David Robnett as the buyer and a purchase price of $488.858. The other listed borrower as the buyer with a purchase price of $473,858. These agreements were dated May 31, 2007, after the purchase agreement stating the price of $798,858 was submitted to AmTrust.

St. Louis Title's file also contained a contract, dated May 8, 2007, between the property seller and "Expert Lenders, Inc. d/b/a Expert Construction" which was not disclosed to AmTrust. This contract stated that Expert Lenders would be paid $262,000 for basic contracting services and materials for the property. This entity was David Robnett's company. The complaint alleges that these services were not necessary or actually performed and were merely fabricated to increase the amount AmTrust was willing to loan.

In addition, the $16,000 earnest money shown on the HUD-1 form to have been paid by the borrower was in fact issued in a check from the seller to close the transaction. St. Louis Title also dispersed $123,400 to Expert Contracting which AmTrust did not authorize.

FDIC filed a lawsuit against St. Louis Title and others arising out of this transaction in the United States District Court in the Northern District of Ohio on December 3, 2012. The claims against St. Louis Title were dismissed for improper venue on May 29, 2013. FDIC subsequently

filed the present lawsuit in this Court asserting claims for breach of contract, negligence, and negligent misrepresentation by St. Louis Title for its actions in the closing of the transaction at issue.

St. Louis Title moved to dismiss this case asserting that the suit was untimely and that FDIC failed to state a claim for breach of contract or negligence. FDIC opposes dismissal and asserts that this suit is timely and that its claims are properly pleaded.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

St. Louis Title asserts that FDIC's claims are precluded by Missouri's five-year statute of limitations for contract and negligence actions under Mo. Rev. Stat. § 516.120.[2] St. Louis Title asserts that the claims are barred because AmTrust was given the closing documents shortly after the December 14, 2007 closing which was more than five years before this case was filed on June

---

[2] It appears that St. Louis Title has abandoned its statute of limitations arguement because it did not address the issue in its reply brief.

6, 2013.

FDIC responds that it claims are timely under Missouri law and under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA).  Under Missouri law the statute of limitations is five years for contract and negligence claims.  Under the FIRREA, contract claims may be brought by the FDIC the longer of: (1) a six-year period beginning on the date that the claim accrued; or (2) the period provided by state law.  12 U.S.C. § 1821(d)(14)(A)(i).  The statute of limitations period for negligence actions is the longer of: (1) the three-year period beginning on the date the claim accrued; or (2) the applicable period provided by state law.  12 U.S.C. § 1821(d)(14)(A)(ii).  Under the FIRREA the statute of limitations begins to run on the later of: (i) the date of appointment of the FDIC as receiver (here, December 4, 2009); or (ii) the date on which the cause of action accrues.  12 U.S.C. § 1821(d)(14)(B).

FDIC's contract claim is timely.  The loan was closed on December 14, 2007.  FDIC was appointed receiver on December 4, 2009.  The contract claim was still viable at that time under Missouri's five year limitations period.  Under the FIRREA, the claim accrued when FDIC was appointed receiver.  The FDIC had six years from the date it was appointed, December 4, 2009, to file a contract claim.  This suit was filed on June 6, 2013, within six years of the FDIC's appointment.

FDIC's negligence claims are also timely.  St. Louis Title suggests that the statue of limitation began to run when AmTrust received the closing documents shortly after December 14, 2007.  However, under Missouri law, the statute limitations does not accrue until the damage resulting from the alleged breech of contract or duty is sustained and is capable of ascertainment. § 516.100 R.S.Mo.  Damage is capable of ascertainment when "a reasonable person would have

been put on notice that an injury and substantial damages may have occurred." Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576, 585 (Mo. 2006).

In Missouri, a reasonable lender is not put on notice of possible damages until, at a minimum, after the borrower defaults. See Title Insurance Company v. Construction Escrow Service, Inc., 675 S.W.2d 881, 887 (Mo. Ct. App. 1984). Moreover, an initial default by a mortgagee may not trigger the running of the statute of limitations because the mortgagee can make attempts to work with the creditor to cure the default. Such a course of action occurred in this case. On October 28, 2008, AmTrust received a hardship letter from the borrower which led to a loan modification agreement with the borrower. It appears from the complaint that the borrower ultimately defaulted on July 1, 2010, when Lender Placed Insurance was imposed on the property. Based on that date, FDIC's complaint, filed on June 6, 2013, is timely under the FIRREA's three year limitations period. Even if the date that AmTrust received a hardship letter from the borrower, on October 28, 2008, is deemed to be the trigger point at which FDIC's negligence action accrued, FDIC had five years under Missouri law, until October 28, 2013, to file a negligence claim. Because this lawsuit was filed before that date, FDIC's negligence claim is timely filed.

As a second basis for its motion to dismiss, St. Louis Title asserts that FDIC has failed to state a contract or negligence claim. St. Louis Title argues that FDIC fails to allege enough facts to establish a contract claim. However, FDIC' complaint clearly asserts that St. Louis Title was provided with closing instructions and detailed many of the terms of that document. Closing instructions can give rise to a contractual agreement between a lender and a closing agent. See Old West Annuity and Life Ins. Co. v. Progressive Closing & Escrows, Inc., 74 Fed. Appx. 4

(10th Cir. 2003).  As a result, FDIC properly asserts a contract claim.

In an attempt to dismiss the negligence claims, St. Louis Title asserts that it had no duty to AmTrust because AmTrust was a third-party to the closing transaction. However, the complaint contains many allegations, which must be taken as true at this stage of the pleading, that St. Louis Title was acting on behalf of AmTrust and had a duty not disperse AmTrust's funds unless all the requirements of the closing instructions were fulfilled.  Moreover, the lender in a closing transaction is not a stranger to the transaction.  It have a strong interest that its funds are not released by the closing agent unless the closing agent has complied with the lender's instructions.  The complaint alleges that St. Louis Title breached the duty owed to AmTrust (FDIC) which caused damages to FDIC.  Such a pleading sufficiently states a negligence claim.

As a result, St. Louis Title's motion to dismiss FDIC negligence claims will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis Title's motion to dismiss [#8] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2014